UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONINA R. GAGLIANO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RAYMOND E. MABUS, Jr., Secretary Department of the Navy, Agency,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-cv-02299-AJB-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(2) DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**<br><br>(Doc. No. 78) |

Presently before the Court is Defendant Richard V. Spencer's motion for partial summary judgment. (Doc. No. 78.) Plaintiff Antonia R. Gagliano opposes the motion. (Doc. No. 85.) On May 9, 2019, the Court held a hearing on the motion. (Doc. No. 95.) At the hearing, the Court granted the motion with a written order to follow. (*Id.*) For the reasons set forth more clearly below, the Court **GRANTS** Defendant's motion for partial summary judgment.

## I. BACKGROUND

Plaintiff filed an employment discrimination suit on the basis of gender. (*See generally* Doc. No. 1.) Plaintiff alleges that while she was an employee of NAVFAC SW,

she was discriminated against on the basis of her gender when NAVFAC SW failed to properly classify her past position description. (*Id.* at 2.) She further alleges that the failure to properly classify her position created a hostile work environment. (*Id.*)

Plaintiff worked at NAVFAC SW as a contract specialist during the 1990's. (Doc. No. 78-1 Ex. B Gagliano Depo at 57:2–22.) In 2007, Plaintiff returned to NAVFAC SW as a contract specialist. (*Id.* at 58:17–24.) In 2009, Plaintiff left to work at a different government agency. (*Id.* at 59:16–21, 60:24–61:3.) In 2010, Plaintiff again returned to NAVFAC SW as a supervisory contract specialist, which is a wage grade of GS-13. (*Id.* at 61:9–11.) In 2014, Plaintiff then accepted a promotion at the NAVFAC Naval Facilities Institute, which was a wage grade of GS-14. (*Id.* at 63:25–64:4.)

Plaintiff alleges that NAVFAC SW's arbitrary education requirements have acted as a bar to the promotion of women overall. (Doc. No. 1 at 2.) NAVFAC SW requires that the employee possess an engineering degree for certain upper management level jobs. (*Id.*) Plaintiff alleges that since engineers are predominately male that this creates a predominately male upper management. (*Id.*) "[A] 'Good old boy' network of male management numbers has arisen and become self sustaining, because predominately males are gaining entry at senior level positions." (*Id.*) Accordingly, Plaintiff alleges that the requirement of an engineering degree acts as a bar to the promotion of women to these upper level management positions. (*Id.*)

On December 24, 2018, Plaintiff, then pro se, de-designated her statistical expert. (Doc. No. 78-1 at 4, Ex. J.) This was three days before Defendant was scheduled to depose Plaintiff's expert. (*Id.*, Ex. K.) Neither Plaintiff nor her expert appeared for the deposition. (*Id.*)

On February 1, 2019, the Court granted Defendant's motion for partial summary judgment regarding Plaintiff's disparate treatment claim. (Doc. No. 77.) On that same day, Defendant filed this instant motion for partial summary judgment regarding Plaintiff's disparate impact claims. (Doc. No. 78.) On February 27, 2019, Plaintiff, now having obtained counsel, filed a motion for leave to re-designate her statistical analysis expert.

(Doc. No. 83.) On April 11, 2019, Magistrate Judge Andrew G. Schopler denied Plaintiff's motion for leave to re-designate her statistical analysis expert. (Doc. No. 91.) No appeal of that decision to the district court was filed.

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, a court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Title VII prohibits policies or practices that are neutral on their face but have a disproportionally adverse impact on minorities. 42 U.S.C. § 2000e-2(k); *see Ricci v. DeStefano*, 557 U.S. 557, 583 (2009). To establish a prima facie case of disparate impact

the plaintiff must prove causation. *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 994. To establish causation, "the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Id.* The Ninth Circuit has "recognized the necessity of statistical evidence in disparate impact cases." *Budnick v. Town of Carefree*, 518 F.3d 1109, 1118 (9th Cir. 2008) (citing *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003)). Furthermore, "[a] plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." *Texas Dept. of Housing and Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S.Ct. 2507, 2523 (2015).

Plaintiff de-designated her statistics expert for her disparate impact claim on December 24, 2018. (Doc. No. 78-1 at 4, Ex. J.) On February 1, 2019, Defendant filed the instant motion for partial summary judgment asserting that Plaintiff could not as a matter of law prove her disparate impact claim without statistical evidence. (*See generally* Doc. No. 78-1.) Plaintiff, after obtaining counsel, then filed a motion to re-designate her expert on February 27, 2019. (Doc. No. 83.) On April 11, 2019, Magistrate Judge Andrew G. Schopler denied Plaintiff's motion for leave to re-designate her statistical analysis expert. (Doc. No. 91.) During the hearing on April 11, 2019, Plaintiff's counsel admitted, "it's the motion for summary judgment that maybe makes clear that Ms. Gagliano needs a statistical expert in order to prove her case. Without it, they believe they are entitled to summary judgment. And once – as I – I agree with them. She needs this expert to prove her disparate impact claims." (Doc. No. 94 at 9:3–9.)

However, Plaintiff asserts in her opposition to Defendant's partial motion for summary judgment that even without her expert, she is able to prove her claim through publicly available information. (Doc. No. 85 at 8–9.) Plaintiff alleges that the numbers needed to do so can be found in spreadsheets provided by Defendant. (*Id.* at 9.) However, Plaintiff failed to disclose the calculations she would be performing with this data during

discovery. (*Id.*) The lack of a statistics expert and statistical evidence is fatal to her disparate impact claims. Plaintiff simply has failed to establish a prima facie case of discrimination since, without statistical evidence, Plaintiff cannot prove causation.

Accordingly, the Court finds that, as a matter of law, Plaintiff cannot establish a prima facie case of disparate impact. The Court previously found that, as a matter of law, Plaintiff could not establish a prima facie case of disparate treatment.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for partial summary judgment. Accordingly, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: July 23, 2019

Hon. Anthony J. Battaglia
United States District Judge